2005 ND 20

**Gregory Dennis BOUMONT, Plaintiff and Appellant**

v.

**Sarah Marie BOUMONT, Defendant and Appellee.**

No. 20040213.

Supreme Court of North Dakota.

Jan. 19, 2005.

Michael D. Nelson (on brief), and Duane R. Breitling (argued), Ohnstad Twichell, West Fargo, ND, for plaintiff and appellant.

Samuel S. Johnson, Wahpeton, ND, for defendant and appellee. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Gregory Boumont appealed from an amended judgment, containing amended findings of fact and amended conclusions of law, in which his child support obligation for his two minor children was increased. Gregory Boumont claims the district court misapplied the Child Support

Guidelines in determining his payment obligation. We agree and we reverse the district court's amended judgment and remand for proceedings consistent with this opinion.

[¶ 2] Gregory Boumont and Sarah Boumont entered into a Marital Termination Agreement. This agreement, which the district court adopted in its divorce judgment, provided for joint legal and physical custody of the parties' children, with each parent having physical custody one-half of the time. Subsequently, Sarah Boumont made a request to amend the divorce judgment to reflect the actual custodial arrangement exercised by the parties, to order Gregory Boumont to provide health insurance for the children, and to increase Gregory Boumont's child support obligation from $150 per month to $751 per month. The trial court found there was not a significant change in circumstances warranting an amendment to the custody arrangement, and the parties were able to resolve the health insurance dispute. As for child support, the trial court found that Sarah Boumont was the custodial parent, i.e., the parent who acts as the primary caregiver for a proportionately greater amount of time, and that she was therefore entitled to a larger amount of child support under the Child Support Guidelines. See N.D. Admin. Code §§ 75-02-04.1-01(4), 75-02-04.1-02. The trial court therefore amended the child support provision in the divorce judgment, but the physical-custody provision was left unchanged.

## I.

[¶ 3] Gregory Boumont argues the trial court misapplied the law in determining his child support obligation. He highlights the equal-physical-custody provision from the initial divorce judgment, which was left unchanged in the amended judgment, and argues this provision invokes N.D. Admin. Code § 75-02-04.1-08.2, used to determine child support obligations in equal-physical-custody situations. Gregory Boumont believes this provision plainly provides that the physical-custody provision in the court order controls, regardless of the amount of time the children actually spend in either parent's household. If circumstances change, he contends the proper course of action is to have the court amend the physical-custody provision, which would allow for a modification of the child support obligation.

[¶ 4] Sarah Boumont contends N.D. Admin. Code § 75-02-04.1-08.2 was only meant to apply in those situations where parents actually exercise equal physical custody of their children pursuant to a court order. Thus, she believes trial courts should engage in a factual analysis to determine physical custody, rather than simply relying on the provision in the initial divorce judgment. If Gregory Boumont's argument prevails, Sarah Boumont asserts parents will be left without a child support remedy in those situations where they are unable to prove a significant change in circumstances regarding custody, despite the fact that one parent is shouldering more than half of the custodial responsibilities. Sarah Boumont compares the higher burden of proof and strenuous procedural obstacles placed before a party seeking to modify a child-custody provision under N.D.C.C. § 14-09-06.6 with the lack of such impediments in a motion to modify extended visitation. Accordingly, she argues a strict interpretation of N.D. Admin. Code § 75-02-04.1-08.2 may be against public policy. Finally, she claims the parties reached a settlement agreement at the trial court regarding the custody, health insurance, and child support controversies, and she argues Gregory Boumont should not be allowed to re-litigate the child support matter on appeal.

### A.

[¶ 5] Interpretation of a divorce judgment is a question of law that is fully reviewable on appeal. *Logan v. Bush,* 2000 ND 203, ¶ 30, 621 N.W.2d 314; *In re S.J.F.,* 2000 ND 158, ¶ 14, 615 N.W.2d 533; *Jorgenson v. Ratajczak,* 1999 ND 65, ¶ 13, 592 N.W.2d 527. In this case, the divorce judgment states the following regarding child custody:

> *CUSTODY:* That each of the parties are granted joint legal and joint physical custody of the children. The children shall be in the physical custody of each parent one-half of the time. It is not possible to give [a] specific schedule of time the children are with each parent because of both parents' work schedules which are subject to wide fluctuations.

[¶ 6] Child support determinations involve questions of law subject to a de novo standard of review, findings of fact subject to a clearly erroneous standard of review, and may involve matters of discretion subject to an abuse of discretion standard of review. *T.E.J. v. T.S.,* 2004 ND 120, ¶ 4, 681 N.W.2d 444. "A court errs as a matter of law if it fails to comply with the child support guidelines in determining an obligor's child support obligation." *Knoll v. Kuleck,* 2004 ND 199, ¶ 5, 688 N.W.2d 370. Therefore, whether the trial court erred in refusing to apply N.D. Admin. Code § 75–02–04.1–08.2 is a question of law subject to de novo review.

[¶ 7] Section 75–02–04.1–08.2, N.D. Admin. Code, provides:

> Equal physical custody-Determination of child support obligation. A child support obligation must be determined as described in this section in all cases in which a court orders each parent to have equal physical custody of their child or children. Equal physical custody means each parent has physical custody of the child, or if there are multiple children, all of the children, exactly fifty percent of the time. A child support obligation for each parent must be calculated under this chapter assuming the other parent is the custodial parent of the child or children subject to the equal physical custody order. The lesser obligation is then subtracted from the greater. The difference is the child support amount owed by the parent with the greater obligation. Each parent is an obligee to the extent of the other parent's calculated obligation. Each parent is an obligor to the extent of that parent's calculated obligation.

The North Dakota Department of Human Services enacted this provision, effective August 1, 2003, under the general authority of N.D.C.C. §§ 50–06–16 and 50–09–25 to implement N.D.C.C. §§ 14–09–09.7 and 50–09–02(16).

[¶ 8] We construe administrative regulations, which are derivatives of statutes, under well-established principles of statutory construction. *N.D. Dep't of Human Services v. Ryan,* 2003 ND 196, ¶ 11, 672 N.W.2d 649. "In construing a statute, our duty is to ascertain the Legislature's intent, which initially must be sought from the statutory language itself, giving it its plain, ordinary, and commonly understood meaning. We construe statutes as a whole and harmonize them to give meaning to related provisions." *Guardianship of Shatzka,* 2003 ND 147, ¶ 5, 669 N.W.2d 95 (internal quotations and citations omitted).

### B.

[¶ 9] The parties' divorce judgment needs little interpretation; the judgment clearly provides that Gregory Boumont and Sarah Boumont are each to have physical custody of their children one-half of the time. Under N.D. Admin. Code § 75–02–04.1–08.2, "[a] child support obligation

must be determined as described in this section in all cases in which a court orders each parent to have equal physical custody of their child or children." Continuing, "[e]qual physical custody means each parent has physical custody of the child, or if there are multiple children, all of the children, exactly fifty percent of the time." We refrain from engaging in a detailed, semantical battle over whether "one-half of the time" is synonymous with "exactly fifty percent of the time." Words are to be given their plain and simple meaning, *see generally* N.D.C.C. § 1–02–02 (statutory words are to be understood in their ordinary sense), and we believe the parties, by the provision in their divorce judgment, are each assigned physical custody exactly 50% of the time. If parents or the trial courts intend a different result, it is incumbent upon them to clearly express this intent in their stipulation and in the divorce judgment's custodial provision. Here, the parties' divorce judgment orders each parent to have equal physical custody of their children. Accordingly, the child support obligation in this case must be determined according to the offset procedure outlined in N.D. Admin. Code § 75–02–04.1–08.2.

▮ [¶ 10] However, if reality does not emulate the divorce judgment's custodial provision, the adversely affected party is not left without a remedy. Rather, the party may seek a modification of a custody award pursuant to N.D.C.C. § 14–09–06.6. In situations where the court order provides for equal physical custody, the court order controls the child support, regardless of the actual custodial arrangement exercised by the parties. This Court has previously relied on the language of court orders, even where reality may differ, to promote bright-line rules and the strict construction of unambiguous language in the Child Support Guidelines. *See Logan*

*v. Bush*, 2000 ND 203, ¶ 26, 621 N.W.2d 314 (strictly construing the Child Support Guideline for extended visitation).

[¶ 11] The rule-making history is particularly relevant and supports the plain meaning of the regulation. The minutes from two meetings of the Department of Human Services Child Support Guidelines Drafting Advisory Committee reveal that while some meeting participants expressed concern that an exact, 50–50 custody division seemed improbable if not mathematically impossible, other participants stated that the language from court orders could establish such a situation, regardless of the actual division subsequently followed. Minutes of the Department of Human Services Child Support Guidelines Drafting Advisory Committee, pp. 10–13 (May 29, 2002); Minutes of the Department of Human Services Child Support Guidelines Drafting Advisory Committee, pp. 17–18 (June 6, 2002). Therefore, it is apparent the Advisory Committee members were aware of the nature of the arguments advanced in this appeal prior to enacting N.D. Admin. Code § 75–02–04.1–08.2.

[¶ 12] In the Summary of Comments prepared pursuant to the adoption of N.D. Admin. Code § 75–02–04.1–08.2, the following exchange occurred:

*Comment:* One commentor noted section 75–02–04.1–08.2 defines equal physical custody as: "[e]qual physical custody means each parent has physical custody exactly fifty percent of the time." The commentor felt that it is impossible for there ever to be an arrangement in which each parent has custody of the child exactly fifty percent of the time. The commentor wanted to know if fifty percent means fifty percent of nights, days, hours, or minutes.

*Response:* No change was made based on this comment. It is not impossible to define equal physical custody. When

this section was being drafted, actual court orders were reviewed which granted each parent physical custody exactly fifty percent of time. Equal physical custody could be accomplished by an order which states simply that each parent will have physical custody of the child or children exactly fifty percent of the time. The proposed change was merely to address how to apply the guidelines if parties do succeed in gaining equal physical custody of their children pursuant to court order. If anything less than equal physical custody is ordered, the provision regarding extended visitation may apply, assuming the requirements for extended visitation are met.

Summary of Comments Received in Regard to Proposed Amendments to N.D. Admin. Code ch. 75–02–04.1, Child Support Guidelines, p. 17 (June 16, 2003). The commentor expressed doubt as to how, in actuality, an exact division of custody could occur. The commentor seemed to argue that if smaller and smaller increments of time were used, one party would surely be identified as the custodial parent. In response, the drafters rejected this framing of the issue. Implicitly, the drafters stated they were not concerned with the actual custodial arrangement exercised by the parties, but, rather, were focused on the language in court orders.

[¶ 13] The Summary of Comments also highlights the purpose behind N.D. Admin. Code § 75–02–04.1–08.2, which was to "address situations in which people were using equal physical custody to avoid the payment of child support." *Id.* at 16. Before this provision's enactment, parties would formally agree to equal physical custody, even if they had no intention of actually exercising such an arrangement, so as to avoid the Child Support Guidelines altogether. *Id.* According to the drafters, this avoidance posed a problem under federal law. *Id.* Against this backdrop, the drafters repeatedly noted that this "change provides a methodology for setting support in cases where a court has ordered equal physical custody." *Id.* The drafters, then, provided a methodology to deal with these court orders on their face, rather than attempting to look beyond the court's language to the reality at hand.

[¶ 14] Accordingly, both the plain language of N.D. Admin. Code § 75–02–04.1–08.2 and the rule-making history support Gregory Boumont's position.

[¶ 15] In rejecting application of N.D. Admin. Code § 75–02–04.1–08.2, the trial judge referenced N.D. Admin. Code § 75–02–04.1–01(4), which provides a definition of "custodial parent." A custodial parent is "a parent who acts as the primary caregiver on a regular basis for a proportion of time greater than the obligor, regardless of custody descriptions such as 'shared' or 'joint' custody given in relevant judgments, decrees, or orders." Relying on this definition, and especially the final clause, the trial judge determined that the parties' description of their custodial arrangement was irrelevant for child support purposes and that N.D. Admin. Code § 75–02–04.1–08.2 would only come into play if the parties were actually exercising equal physical custody of their children. This interpretation goes too far in avoiding the text of N.D. Admin. Code § 75–02–04.1–08.2, which explicitly relies on the language of court orders. Indeed, it is an accepted precept of statutory interpretation that the specific controls the general. We will not expand the general definition provided in N.D. Admin. Code § 75–02–04.1–01(4) so that it all but swallows the specific, detailed requirements of the equal-physical-custody regulation. Further, the minutes from an Advisory Committee meeting highlight that the equal-physical-custody

regulation was viewed as being distinct from the concept of a custodial parent. *See* Minutes of the Department of Human Services Child Support Guidelines Drafting Advisory Committee, p. 10 (May 29, 2002) ("Brad Davis said the proposal was similar to calculations performed in split custody determinations rather than deciding to look at one of the parties as the custodial parent and one of the parties as the noncustodial parent."); *see also* N.D. Admin. Code § 75–02–04.1–03 (determination of child support obligation in split-custody situations).

[¶ 16] Sarah Boumont also argues this result violates public policy. However, a public policy argument has little weight in the face of clear, unambiguous regulatory language and supportive rule-making history. Finally, Sarah Boumont claims the parties reached a settlement agreement at the trial court regarding the custody, health insurance, and child support claims that serves to estop Gregory Boumont's current appeal. Having reviewed the record, we find no evidence of such an agreement.

[¶ 17] The trial court will have the opportunity to revisit the continuing appropriateness of the equal-physical-custody provision. If the trial court finds it unnecessary to revisit its previous custody ruling or determines anew that a significant change in circumstances has not transpired, the provision in the divorce judgment requires application of N.D. Admin. Code § 75–02–04.1–08.2. If the trial court finds a significant change in circumstances, for example, that the parties' current custodial arrangements are substantially different than contemplated in the divorce decree, then the divorce judgment's custody provision must be amended and a calculation of child support can be made under N.D. Admin. Code § 75–02–04.1–02.

[¶ 18] The amended judgment is reversed and we remand for proceedings consistent with this opinion.

[¶ 19] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.