2010 ND 199

Darcy J. EHLI, f/k/a Darcy J. Joyce, Plaintiff and Appellant

v.

Donald A. JOYCE, Defendant and Appellee.

No. 20100185.

Supreme Court of North Dakota.

Oct. 19, 2010.

Justin Dale Hager, Bismarck, N.D., for plaintiff and appellant.

Todd D. Kranda, Mandan, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Darcy Ehli, formerly known as Darcy Joyce, appeals from an order summarily denying her motion to amend a stipulated divorce judgment granting her and Donald Joyce joint legal and physical custody of their child. We hold Ehli established a prima facie case entitling her to an evidentiary hearing on her motion to

change primary residential responsibility of the child. We reverse and remand.

## I

[¶ 2] In 2006, Ehli and Joyce stipulated to a divorce judgment granting them "joint legal and physical custody of their minor child" and also providing:

The parties have been sharing time with the child equally upon mutual agreement since their separation in April 2006, and the parties shall continue sharing time with the child on an equal basis upon mutual agreement. Either party may bring a motion to specify times for joint physical custody if the parties can no longer reach an agreement.

[¶ 3] In 2010, Ehli moved to change primary residential responsibility of the child to herself and to establish a parenting plan. Ehli claimed the parties had not shared primary residential responsibility of the child after the divorce judgment, and she sought to amend the judgment to reflect the parties' actual arrangement. Ehli's affidavit in support of her motion stated that after the divorce judgment, she had remarried and has had the child "about 95% of the time." Ehli's affidavit stated there has been a dramatic decrease in the time Joyce spends with the child and he has exercised only minimal visitation. An affidavit by Ehli's husband also stated Ehli has had the child "probably 95% of the time since [he has] known her." Joyce resisted Ehli's motion and requested a specific parenting plan "so neither party can interfere with the parenting time for the other party." Joyce's affidavit stated he had tried to exercise parenting time with his child, but Ehli has limited his parenting time and he has been "systematically pushed out" of his child's life. Joyce stated Ehli was "pulling numbers out of the air by claiming 95%" of the child's time was spent with her and he had spent "a lot more time with the children than just a mere 5%." He also stated he had worked out of town for several weeks and was not able to see the child.

[¶ 4] The district court decided Ehli's affidavits did not establish a material change in circumstances after entry of the stipulated judgment and summarily denied her motion without a hearing. The court said "nothing prevents the parties from agreeing to a parenting plan and agreeing to amend the Judgment accordingly."

## II

[¶ 5] Ehli argues the district court erred as a matter of law in not granting her an evidentiary hearing on her motion to modify primary residential responsibility. She argues the district court's decision that she failed to show a material change in circumstances is contrary to the affidavits presented to the court. She asserts the affidavits establish the child has been with her more than ninety-five percent of the time since the original judgment and Joyce went nine months without seeing the child. Ehli claims there has been an improvement in her living conditions and a general decline in Joyce's home and lifestyle, and she seeks a change in primary residential responsibility to reflect the parties' actual arrangement.

[¶ 6] Section 14–09–06.6, N.D.C.C., deals with limitations on post-judgment modifications of primary residential responsibility, and as relevant to Ehli's motion more than two years after the stipulated judgment, provides:

4. A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the

motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

. . . .

6. The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of the child.

 [¶ 7] The determination whether a prima facie case has been established is a question of law, which we review de novo on appeal. *Green v. Green*, 2009 ND 162, ¶ 5, 772 N.W.2d 612. A party moving for a change of primary residential responsibility has the burden of establishing a prima facie case. *Id.* at ¶ 7. A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. *Id.* When determining whether a prima facie case has been established, a court may not weigh conflicting allegations in affidavits. *Id.* at ¶ 8. However, allegations alone do not establish a prima facie case, affidavits must include competent information, which usually requires the affiant have first-hand knowledge, and witnesses are generally not competent to testify to suspected facts. *Id.* at ¶ 13. Affidavits are not competent if

they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts. *Id.*

 [¶ 8] Here, the issue is whether the parties' affidavits include competent first-hand knowledge to establish a prima facie case for a material change in circumstances. A material change in circumstances means important new facts that were unknown at the time of a prior custodial decree. *Kelly v. Kelly*, 2002 ND 37, ¶ 17, 640 N.W.2d 38. "[A] material change of circumstances can exist when a parent remarries, when there has been an attempt to alienate a child's affection for a parent or when parents are openly hostile towards each other and the hostility negatively affects their children." *Dufner v. Trottier*, 2010 ND 31, ¶ 16, 778 N.W.2d 586. Improvements in a noncustodial parent's situation accompanied by a general decline in a child's condition with the custodial parent over the same time may also constitute a significant change in circumstances. *Kelly*, at ¶ 20. Frustration of visitation may also warrant an evidentiary hearing and justify modification of custody. *Bladow v. Bladow*, 2005 ND 142, ¶ 10, 701 N.W.2d 903.

[¶ 9] In *Boumont v. Boumont*, 2005 ND 20, ¶ 2, 691 N.W.2d 278, a district court decided the parties' actual custodial arrangement did not constitute a significant change in circumstances for purposes of changing an equal-physical-custody provision. On appeal, the parties did not raise an issue regarding the denial of the motion for a change of custody, but in the context of discussing the obligor's child support obligation and remanding for further proceedings, we suggested the parties' "substantially different" actual custodial arrangement may support a custody modification:

if reality does not emulate the divorce judgment's custodial provision, the adversely affected party is not left without a remedy. Rather, the party may seek a modification of a custody award pursuant to N.D.C.C. § 14–09–06.6. In situations where the court order provides for equal physical custody, the court order controls the child support, regardless of the actual custodial arrangement exercised by the parties. This Court has previously relied on the language of court orders, even where reality may differ, to promote bright-line rules and the strict construction of unambiguous language in the Child Support Guidelines.

. . . .

The trial court will have the opportunity to revisit the continuing appropriateness of the equal-physical-custody provision. If the trial court finds it unnecessary to revisit its previous custody ruling or determines anew that a significant change in circumstances has not transpired, the provision in the divorce judgment requires application of N.D. Admin. Code § 75–02–04.1–08.2. If the trial court finds a significant change in circumstances, for example, *that the parties' current custodial arrangements are substantially different than contemplated in the divorce decree, then the divorce judgment's custody provision must be amended* and a calculation of child support can be made under N.D. Admin. Code § 75–02–04.1–02.

*Boumont*, at ¶¶ 10, 17 (emphasis added).

█ [¶ 10] Here, the parties' stipulation and the initial judgment granted them joint legal and physical custody of their minor child, directing "the parties shall continue sharing time with the child on an equal basis upon mutual agreement." Ehli's assertions in her affidavit, which are based on her first-hand knowledge, reflect the actual arrangement for primary residential responsibility of the child may be substantially different than the initial stipulation for joint legal and physical custody. *See Boumont*, 2005 ND 20, ¶¶ 17, 19, 691 N.W.2d 278. A minor variance from the judgment is insufficient to establish a material change in circumstances, and the parties' affidavits in this case include assertions that Ehli actually has the child ninety-five percent of the time, which establishes a prima facie case for more than a minor variance from the initial judgment. Although Joyce claims Ehli interfered with and has not allowed him to exercise his full complement of primary residential responsibility, we decline to weigh the parties' conflicting allegations about any underlying reasons for the parties' exercise of primary residential responsibility or parenting time. Rather, those allegations can be evaluated in an evidentiary hearing. We hold statements in Ehli's affidavit regarding the parties' actual arrangement for primary residential responsibility are sufficient to establish a prima facie case requiring an evidentiary hearing.

III

[¶ 11] We reverse the district court order and remand for an evidentiary hearing.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.