2012 ND 15

**Scott D. THOMPSON, Plaintiff and Appellee,**

v.

**Amanda S. THOMPSON, n/k/a Amanda S. Thompson Wetch, Defendant and Appellant.**

**No. 20110215.**

Supreme Court of North Dakota.

Jan. 12, 2012.

Tyler S. Carlson (argued) and Krista Lyn Andrews (on brief), Fargo, N.D., for plaintiff and appellee.

Laura Lynn Reynolds, Grand Forks, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Amanda Thompson Wetch, formerly known as Amanda Thompson, appeals from an order denying her motion to amend the second amended judgment granting Scott Thompson sole physical custody of the parties' two minor children during the school year and granting the parties joint physical custody during the summer. We conclude Thompson Wetch established a prima facie case and was entitled to an evidentiary hearing on her motion to modify primary residential responsibility of the children. We reverse and remand.

I

[¶ 2] Thompson Wetch and Thompson were divorced in 2002 and have two chil-

dren together, T.T. and G.T. In 2004, Thompson Wetch and Thompson stipulated to a second amended judgment awarding custody of the children, which provided:

> [Thompson] shall have primary sole physical and legal custody of the parties['] minor children ... during the school year, beginning the first day school begins in the fall until the last day of school in the spring. From the first day after school ends until the last day of summer vacation the parties shall have joint physical custody with the children residing with [Thompson Wetch]. [Thompson Wetch] shall have visitation with the parties['] minor children during the school year as follows: Every other weekend from 5:00 p.m. on Friday to 9:00 p.m. on Sunday. [Thompson] shall exercise this same visitation schedule during the summer months when the children are in [Thompson Wetch's] care.

[¶ 3] In 2011, Thompson Wetch moved to amend the second amended judgment, requesting the court modify primary residential responsibility of the parties' two children. Thompson Wetch argued there was a material change in circumstances and it was in the children's best interest to modify primary residential responsibility because Thompson has not allowed her to have parenting time with G.T. since December 2008 and T.T. has lived with her since October 2007 and rarely sees Thompson. Thompson Wetch requested the court hold an evidentiary hearing on her motion. The district court denied Thompson Wetch's motion, ruling "[t]his Court, having considered the submissions of both parties and applicable law set forth in section 14–09–06.6, finds that [Thompson Wetch] has not provided sufficient proof to establish a prima facie case."

II

[¶ 4] Thompson Wetch argues the district court's finding that she failed to establish a prima facie case justifying modification is clearly erroneous, she presented sufficient evidence in her affidavit to establish a prima facie case, and she is entitled to an evidentiary hearing. She contends her affidavit contained numerous allegations which were sufficient to establish a prima facie case justifying modification, including a change has occurred in the actual residential responsibility of T.T., Thompson has not exercised regular parenting time with T.T., and Thompson has prevented her from exercising the ordered parenting time with G.T.

[¶ 5] The court may modify primary residential responsibility if the motion is filed more than two years after entry of the prior order establishing primary residential responsibility and the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of the child.

N.D.C.C. § 14–09–06.6(6). Under N.D.C.C. § 14–09–06.6(4), the court shall consider a motion to modify primary residential responsibility "on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification."

[¶ 6] Whether the moving party established a prima facie case is a question of law, which is reviewed de novo on appeal. *Wolt v. Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534. The moving party has the burden to establish a prima facie case justifying modification. *Ehli v. Joyce*, 2010

ND 199, ¶ 7, 789 N.W.2d 560. This Court has said:

> A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. When determining whether a prima facie case has been established, a court may not weigh conflicting allegations in affidavits. However, allegations alone do not establish a prima facie case, affidavits must include competent information, which usually requires the affiant to have first-hand knowledge, and witnesses are generally not competent to testify to suspected facts. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.

*Id.* (citations omitted). A material change in circumstances is an important new fact that was unknown at the time of the prior custody decision. *Id.* at ¶ 8. A material change in circumstances may exist when there has been an attempt to alienate a child's affection for a parent or when there has been a frustration of visitation. *Id.* A significant change in the actual arrangement for primary residential responsibility from the arrangement contemplated by the prior order may also be a material change in circumstances. *See id.* at ¶ 10.

[¶ 7] Here, the second amended judgment awards Thompson sole physical custody of both children during the school year. Thompson Wetch alleges T.T. has not lived with Thompson since 2007 and does not have regular visitation with Thompson. In Thompson Wetch's affidavit she alleged T.T. has been living with her since approximately October 2007 and Thompson sees the child less than once a month. She also alleged that she has asked Thompson to contact the child but he has refused, that T.T. has called Thompson and asked to see him but Thompson has repeatedly cancelled at the last minute, and that Thompson has said he does not want a relationship with the child. Thompson does not dispute Thompson Wetch's claim that T.T. has lived with her since October 2007.

[¶ 8] Thompson Wetch's allegations in her affidavit reflect the actual arrangement for residential responsibility may be substantially different from the arrangement contemplated by the second amended judgment. *See Ehli,* 2010 ND 199, ¶ 10, 789 N.W.2d 560. This undisputed assertion in Thompson Wetch's affidavit, which is based on her first-hand knowledge, alone is sufficient to establish a prima facie case justifying a modification of residential responsibility and to require an evidentiary hearing. *See id.; see also Boumont v. Boumont,* 2005 ND 20, ¶¶ 10, 17, 691 N.W.2d 278 (indicating custodial arrangements substantially different than contemplated in the prior judgment may be a material change in circumstances and may support custody modification). We conclude Thompson Wetch's affidavit asserting first-hand knowledge about the actual arrangement for primary residential responsibility of T.T. is sufficient to establish a prima facie case requiring an evidentiary hearing on her motion. We will not address Thompson Wetch's other allegations because the assertions in her affidavit about the actual arrangement of residential responsibility for T.T. alone are sufficient to establish a prima facie case justifying modification.

III

[¶ 9] We reverse the district court order denying Thompson Wetch's motion to modify primary residential responsibility. We remand for an evidentiary hearing.

[¶ 10]  GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.