2013 ND 167

Ivy ANDERSON, Plaintiff and Appellee

v.

Timothy JENKINS, Defendant and Appellant.

No. 20130078.

Supreme Court of North Dakota.

Sept. 25, 2013.

Pamela F. Coleman, Grand Forks, N.D., for plaintiff and appellee; submitted on brief.

Rhiannon L. Gorham, Grand Forks, N.D., for defendant and appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1]  Timothy Jenkins appeals from a district court order denying his motion to amend an amended divorce judgment to modify primary residential responsibility of the parties' children.  We reverse and remand for further proceedings, concluding Jenkins' affidavit established a prima facie case entitling him to an evidentiary hearing on his motion to change residential responsibility.

I

[¶ 2]  In 2005, Timothy Jenkins and Ivy Anderson were divorced in California, and a divorce judgment was entered establishing joint residential responsibility and parenting time for the parties' three minor children: D.J., I.J., and Z.J. Both parties now live in North Dakota.  In 2008, the California divorce judgment was registered in Grand Forks County, North Da-

kota. In October 2009, the district court in Grand Forks County entered a second amended judgment after a hearing awarding Ivy Anderson primary residential responsibility of the parties' three minor children. In February 2010, Jenkins moved for modification of residential responsibility, alleging Anderson's home environment threatened the children's well-being and Anderson was interfering with his parenting time. The court denied his motion.

[¶ 3] In June 2012, Jenkins applied for an ex parte order, asserting Anderson was withholding the children without justification. Anderson also moved to amend Jenkins' parenting time, appoint a guardian ad litem, and order parenting evaluations. The court denied Jenkins' ex parte application but held a hearing to determine whether Anderson was in contempt of court. After a hearing, the court entered an interim order holding Anderson was not in contempt and Jenkins would have supervised parenting time with one child and unsupervised parenting time with the other two children. In October 2012, Jenkins moved to amend the interim order.

[¶ 4] In November 2012, Jenkins moved to modify primary residential responsibility. In January 2013, the district court denied Jenkins' motion to modify primary residential responsibility without an evidentiary hearing, holding he had failed to establish a prima facie case. The court subsequently held hearings on Jenkins' motion to modify the interim order and Anderson's motion to modify parenting time. In March 2013, Jenkins appealed the district court's order denying his motion to modify residential responsibility. The court subsequently entered an amended interim order, and Anderson's motion to amend Jenkins' parenting time remained pending before the district court. This appeal concerns only the court's January 2013 order denying Jenkins' November 2012 motion to modify primary residential responsibility without an evidentiary hearing.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 6] Jenkins argues the district court erred in denying an evidentiary hearing on his motion to modify primary residential responsibility when he provided sufficient competent evidence to establish a prima facie case warranting an evidentiary hearing. Here, a second amended judgment was entered in 2009, and an order denying Jenkins' motion to amend the amended judgment was entered in April 2010. Jenkins made his present motion to modify residential responsibility in November 2012, more than two years after entry of the order establishing primary residential responsibility.

[¶ 7] Section 14–09–06.6, N.D.C.C., provides for a post-judgment modification of primary residential responsibility more than two years after entry of an order establishing primary residential responsibility:

4. A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie

case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

. . . .

6. The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interests of the child.

■■■ [¶ 8] Under N.D.C.C. § 14–09–06.6(6)(a), we have explained that a "material change in circumstances" is an important new fact that was unknown at the time of the prior custody decision. *See Charvat v. Charvat*, 2013 ND 145, ¶ 7, 835 N.W.2d 846; *Thompson v. Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331. The party moving for a change of primary residential responsibility has the burden of establishing a prima facie case under N.D.C.C. § 14–09–06.6(4) to justify modification before the party is entitled to an evidentiary hearing. *Schumacker v. Schumacker*, 2011 ND 75, ¶ 7, 796 N.W.2d 636; *Green v. Green*, 2009 ND 162, ¶ 7, 772 N.W.2d 612. "Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo." *Charvat*, 2013 ND 145, ¶ 9, 835 N.W.2d 846; *see also Sweeney v. Kirby*, 2013 ND 9, ¶ 3, 826 N.W.2d 330; *Wolt v. Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534.

■■■ [¶ 9] We have explained that a prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor. *Kartes v. Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731; *Sweeney*, 2013 ND 9, ¶ 5, 826 N.W.2d 330. "A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed." *Ehli v. Joyce*, 2010 ND 199, ¶ 7, 789 N.W.2d 560. "Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge." *Schumacker*, 2011 ND 75, ¶ 7, 796 N.W.2d 636. "Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Joyce*, at ¶ 7.

■■■ [¶ 10] This Court has provided guidance on the district court's consideration of the motion:

In determining whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations. *Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731; *Schumacker v. Schumacker*, 2011 ND 75, ¶ 8, 796 N.W.2d 636. The party opposing the motion may attempt to rebut a prima facie case by presenting evidence conclusively demonstrating the moving party is not entitled to a modification, but when the opposing party's evidence merely creates conflicting issues of fact, the court may not weigh the conflicting allegations when deciding whether a prima facie case has been established. *Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534. Only when the opposing party presents counter-affidavits that conclusively show the allegations of the moving party have no credibility, or when the movant's alle-

gations are, on their face, insufficient to justify custody modification, may the district court decide the moving party has not established a prima facie case and deny the motion without an evidentiary hearing. *Id.* *Charvat*, 2013 ND 145, ¶ 10, 835 N.W.2d 846. In *Jensen v. Jensen*, 2013 ND 144, ¶ 10, 835 N.W.2d 819, we noted district courts had engaged in weighing of evidence presented in the competing affidavits to reach conclusions that a moving party's evidence did not establish a prima facie case. We therefore clarified in *Jensen* the standards governing the district court's consideration and decision whether a prima facie case under N.D.C.C. § 14–09–06.6(4) has been established when the movant's allegations are supported by competent, admissible evidence:

> [T]he court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations.

*Jensen*, at ¶ 13.

▆▆▆ [¶ 11] Here, in considering Jenkins' motion, the district court held that many of the allegations were conclusory and without the support of sufficient evidentiary facts to hold a material change in circumstances had occurred. The court considered the allegations and evidence relating to conduct Jenkins contends constituted the "material change in circumstances" since the filing of the 2009 second amended judgment, including: a) Anderson had ignored court orders and willfully withheld parenting time resulting in a strained co-parenting relationship and negative consequences to the children; b) Anderson had made statements to Social Services that were false and caused disruption of Jenkins' relationship with his children, his wife, and his extended family; c) Anderson had taken their child D.J. to multiple mental health professionals; d) Anderson was negligent in keeping Jenkins informed of medical information regarding the minor children; and e) Anderson had failed to pay her one-half of nonreimbursed medical expenses. The court ultimately concluded the facts presented by Jenkins lacked specificity or support or were simply not enough to warrant an evidentiary hearing. The court held Jenkins' affidavit presented insufficient facts to support modification of primary residential responsibility of the parties' minor children to him.

[¶ 12] In considering Jenkins' motion and the competing affidavits, however, the district court began its analysis by plainly applying an incorrect standard. Purporting to rely on *O'Neill v. O'Neill*, 2000 ND 200, ¶ 6, 619 N.W.2d 855, the district court erroneously explained that "[i]f the prima facie case is established, then the burden shifts to the responding party and the party establishing the prima facie case will prevail unless the opposing party offers proof to the contrary by way of her affidavit(s) which rebuts the moving party's case against her." The district court thus improperly shifted the burden and permitted Anderson's counter-affidavit to rebut Jenkins' affidavit. As discussed, however, the court must accept the truth of the moving party's allegations and may conclude the moving party failed to establish a prima facie case only if the opposing party's counter-affidavits "conclusively establish that the moving party's allegations have no credibility," or the moving party's allega-

tions are "insufficient on their face" to justify a modification, even if uncontradicted. *Jensen,* 2013 ND 144, ¶ 13, 835 N.W.2d 819.

[¶ 13] As in *Charvat,* 2013 ND 145, ¶ 12, 835 N.W.2d 846, we believe the district court here effectively engaged in a "mini-trial by affidavit," relying on Anderson's affidavits to "downplay" Jenkins' allegations and to weigh and resolve conflicts in the evidence. For example, although Jenkins alleged with specific dates that Anderson withheld 41 days of parenting time since the 2009 second amended judgment, the court relied on Anderson's affidavit to explain parenting time was withheld, at least in 2012, because of a Social Services investigation of suspected abuse and neglect of the parties' minor children. The court noted Jenkins moved for an ex parte order that was denied but resulted in a July 2012 interim order allowing Jenkins regular parenting time with I.J. and Z.J., with telephone contact between Anderson and the children "as a safety measure," and supervised visitation between Jenkins and D.J.

[¶ 14] However, Jenkins also alleged Anderson had denied him 61 hours of parenting time under the interim order. The court nonetheless disagreed with Jenkins' interpretation of the interim order and stated his affidavit was not sufficiently specific, making only "bare assertions" he was denied 61 hours of supervised parenting time. The court held that "[e]ven had Jenkins' allegations been sufficient to show an interference with or frustration of visitation," it appears from Jenkins' affidavit there was a "reasonable dispute" whether he should have parenting time under the second amended judgment on certain specified holidays. The court also stated that on the basis of Anderson's affidavit, there was "reasonable justification" for denying parenting time until Anderson "could de-termine whether it was safe for the children to have parenting time with their father." The court stated Anderson's affidavit "rebut[ted] these allegations of interference with or denial of Jenkins' parenting time." The court stated it "cannot find that there are sufficient facts established by Jenkins" showing Anderson denied or frustrated parenting time "to the extent" that would justify modifying primary residential responsibility. The court's reasoning makes clear that it improperly weighed the conflicting evidence and made findings in denying Jenkins a hearing.

[¶ 15] In addressing Jenkins' assertion Anderson had provided false information to Social Services during an investigation, the district court stated that "[a] review of the documents filed in this matter" did not reflect any Social Services finding that Anderson had given false information and that the Social Services report indicates the finding of "services required" was not based solely on Anderson's statements. The court stated Jenkins' affidavit provided "insufficient support" for his assertion Anderson lied to psychologists, social workers, and Child Protection Services.

[¶ 16] Additionally, in analyzing Jenkins' assertions that Anderson had been negligent in keeping him informed of medical information regarding the minor children, the court addressed one such allegation, stating it was "Jenkins' bare assertion versus Anderson's bare denial" with regard to whether Anderson had given Jenkins an inhaler for Z.J.'s use that was not prescribed. The court stated, assuming the accuracy of Jenkins' allegation regarding the inhaler, that alone was not sufficient to show a "material change in circumstances," nor was there anything to show this caused or would cause any detriment to the child. While the court acknowledged a custodial parent providing incorrect dosage instructions or medi-

cations not prescribed for a child may constitute a "material change in circumstances" justifying modification of primary residential responsibility, the court stated Jenkins had provided insufficient support for his allegations.

[¶ 17]   On appeal, Jenkins contends he has met his burden by showing a basis for actual personal knowledge and supporting his assertions with evidentiary facts.   Jenkins submitted copies of his correspondence with Anderson, in addition to medical bills, medical records, and other correspondence.   Jenkins contends he provided competent information and satisfied the "bare minimum" prima facie case requirement.   Jenkins challenges the court's conclusion he failed to support his allegation that Anderson denied him his parenting time, asserting a pattern of frustrated visitation based on personal knowledge and contending Anderson used a Social Services report to justify denial of visitation.   Jenkins points to Anderson's purported violations of the interim order regarding parenting.   Jenkins also argues the district court improperly weighed conflicting evidence.

[¶ 18]   On the basis of our review of the record, we conclude the district court here improperly shifted the burden and permitted Anderson's counter-affidavit to rebut Jenkins' affidavit, rather than apply the appropriate standard.   We believe the court weighed the conflicting evidence presented by the parties to resolve conflicts and assess credibility.   *See, e.g., Charvat,* 2013 ND 145, ¶ 12, 835 N.W.2d 846; *Jensen,* 2013 ND 144, ¶ 12, 835 N.W.2d 819. In this case, Jenkins asserted he has been denied parenting time under the 2009 amended judgment and 2012 interim order, Anderson made false statements to Social Services during an investigation, and Anderson had given incorrect dosage instructions for medication or may have

provided medications not prescribed for a particular child.   Applying our de novo standard of review, we conclude Jenkins established a prima facie case for modification and was entitled to an evidentiary hearing.

### III

[¶ 19]   We conclude Jenkins established a prima facie case for modification and was entitled to an evidentiary hearing. Anderson's request for attorney's fees is denied.   We reverse the district court order and remand for further proceedings.

[¶ 20]   GERALD W. VANDE WALLE, C.J. and CAROL RONNING KAPSNER, J., concur.

MARING, Justice, dissenting.

[¶ 21]   I, respectfully, dissent.   I am of the opinion the majority misapplies the law, and Jenkins did not establish a prima facie case justifying a modification of primary residential responsibility and an evidentiary hearing.

[¶ 22]   A prima facie case cannot be established by a moving party through allegations alone.   *Charvat v. Charvat,* 2013 ND 145, ¶ 20, 835 N.W.2d 846 (Maring, J., concurring in the result); *Jensen v. Jensen,* 2013 ND 144, ¶ 23, 835 N.W.2d 819 (Maring, J., dissenting); *Thompson v. Thompson,* 2012 ND 15, ¶ 6, 809 N.W.2d 331; *see also Ehli v. Joyce,* 2010 ND 199, ¶ 7, 789 N.W.2d 560; *Miller v. Miller,* 2013 ND 103, ¶ 6, 832 N.W.2d 327.   A prima facie case is established through affidavits that include competent information.   *Charvat,* at ¶ 20 (Maring, J., concurring in the result); *Jensen,* at ¶ 23 (Maring, J., dissenting); *Thompson,* at ¶ 6; *see also Ehli,* at ¶ 7; *Miller,* ¶ 6; *Tank v. Tank,* 2004 ND 15, ¶ 56, 673 N.W.2d 622 (Sandstrom, J., dissenting).   Affidavits are competent if they show a basis for actual personal knowledge or they state conclusions sup-

ported by evidentiary facts. *Charvat*, at ¶ 20 (Maring, J., concurring in the result); *Jensen*, at ¶ 23 (Maring, J., dissenting); *Thompson*, at ¶ 6; *see also Ehli*, at ¶ 7; *Miller*, at ¶ 6; *Tank*, at ¶ 56 (Sandstrom, J., dissenting). A prima facie case justifying a modification of primary residential responsibility and an evidentiary hearing is established if the information contained in a competent affidavit "establish[es] a significant change that adversely impacts the child's well-being." *Charvat*, at ¶ 20 (Maring, J., concurring in result) (citing *Jensen*, 2013 ND 144, 835 N.W.2d 819 (Maring, J., dissenting)).

[¶ 23] My opinion continues to be "it is clear the Legislature intended to require parties to meet the higher standard of showing that there has been a significant or important change of circumstances that has a negative impact on the well-being of the child." *Kelly v. Kelly*, 2002 ND 37, ¶ 50, 640 N.W.2d 38 (Maring, J., concurring in the result); *see Charvat*, 2013 ND 145, ¶ 21, 835 N.W.2d 846, (Maring, J., concurring in the result); *Jensen*, 2013 ND 144, ¶ 24, 835 N.W.2d 819 (Maring, J., dissenting); *Mock v. Mock*, 2004 ND 14, ¶ 34, 673 N.W.2d 635 (Maring, J., dissenting); *Tank*, 2004 ND 15, ¶ 44, 673 N.W.2d 622 (Maring, J., dissenting). If hearsay and conclusory allegations are the basis for evidentiary hearings for modification of primary residential responsibility, the intent of the Legislature is undermined.

[¶ 24] The appropriate standard of review is de novo when determining whether a party established a prima facie case justifying modification in primary residential responsibility. *Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331. Here, Jenkins moved for modification of primary residential responsibility and submitted an affidavit in support of his motion, stating the following: (a) Anderson had ignored court orders and willfully withheld parenting time resulting in a strained co-parenting relationship and negative consequences to the children, (b) Anderson's statements to social services, upon which social services based their findings, were false and caused disruption to Jenkins' relationship with his children, his wife, and extended family, (c) Anderson took the child, D.J., to multiple mental health professionals, (d) Anderson neglected to keep Jenkins informed of medical information regarding the minor children, and (e) Anderson failed to pay her one-half of nonreimbursed medical expenses.

[¶ 25] To establish a prima facie case, Jenkins' affidavit must provide competent admissible evidence. Most of Jenkins' allegations are conclusory and lack support by evidentiary fact or fail to show firsthand knowledge. The few facts which do not lack specificity or support simply do not rise to a prima facie case to warrant an evidentiary hearing and justify a modification of primary residential responsibility.

[¶ 26] Jenkins makes broad, generalized conclusions without a sufficient evidentiary basis or a showing of actual firsthand knowledge with regard to the following: Anderson lied to psychologists, social workers, and Child Protection Services to get the services required finding made in Social Services' report; Anderson's switching psychologists was detrimental to D.J.; Anderson changed the children's medical dosage of prescribed medication without the doctor recommending the changes; Anderson provided the children with medication that was not prescribed; Anderson does not keep Jenkins informed of medical information regarding the minor children; Anderson has fed the children food that they are not to eat because of allergies; and Anderson failed to pay Jenkins for the nonreimbursed medical expenses.

[¶ 27] Jenkins' allegation that Anderson denied him 41 days of parenting time since the 2009 order and 61 hours of supervised visitation under the Interim Order do not rise to the level of constituting frustration of visitation justifying modification of primary residential responsibility. If all the party needs to do to establish a prima facie case is to allege they have been denied visitation without some specificity of facts that rise to a prima facie case for modification, the statute is thwarted. Jenkins also alleged that Anderson changed the children's medical dosage of prescribed medication without the doctor recommending the changes and provided the children with medication that was not prescribed are centered around occurrences on December 10, 2010, and May 2011, but Jenkins' own exhibits contradict or do not support his allegations.

[¶ 28] Moreover, Jenkins failed to establish how any of his allegations adversely impacted the minor children's well-being. *See Blotske v. Leidholm*, 487 N.W.2d 607, 609 (N.D.1992); *Alvarez v. Carlson*, 524 N.W.2d 584, 589 (N.D.1994). Based on this record, I believe the majority opinion, at ¶ 18, improperly applies this Court's law in determining whether Jenkins established a prima facie case justifying a modification of primary residential responsibility and an evidentiary hearing. Under our *de novo standard of review*, Jenkins did not establish a prima facie case for modification and was not entitled to an evidentiary hearing.

[¶ 29] I agree with the district court that the facts presented which were not conclusory or lacking support, were simply not enough to warrant an evidentiary hearing and justify a modification of primary residential responsibility. The district court was correct in holding that Jenkins' affidavit presented insufficient facts to support modification of primary residential responsibility of the parties' minor children to him. Even assuming, for argument's sake, the district court improperly permitted Anderson's counter-affidavit to rebut Jenkins' affidavit and weighed the conflicting evidence presented by the parties to resolve conflicts and assess credibility, the result does not change under our standard of de novo review. The district court made it very clear that "even if uncontradicted," Jenkins' allegations "are not sufficient to support modification of primary residential responsibility of the children."

[¶ 30] I agree with the district court and would affirm its order denying Jenkins' motion to amend the amended divorce judgment.

[¶ 31] DANIEL J. CROTHERS, J., concurs.