2015 ND 70

**Blake Dylan HANKEY, Plaintiff and Appellant**

v.

**Jill Renee HANKEY, Defendant and Appellee.**

No. 20140350.

Supreme Court of North Dakota.

March 24, 2015.

Blake D. Hankey, self-represented, Grand Forks, ND, plaintiff and appellant.

Robert J. Schultz, Fargo, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Blake Hankey appeals from a district court order denying his motion to modify primary residential responsibility. We reverse and remand, concluding Blake Hankey established a prima facie case for modification, warranting an evidentiary hearing.

I

[¶ 2] The parties divorced in October 2011. Jill Hankey was awarded primary residential responsibility of the parties' minor child, L.C.H., who was born in 2009, subject to Blake Hankey's right of parenting time, and the parties were awarded joint decision-making responsibility.

[¶ 3] In April 2014, Blake Hankey sought to modify residential responsibility, seeking primary residential responsibility for L.C.H. and requested an evidentiary hearing. Blake Hankey claimed there had been a material change in circumstances warranting modification, and in support of his motion, he submitted affidavits and other supporting evidence alleging Jill Hankey deliberately frustrated his parenting time, disregarded the parenting time schedule on several occasions, and exercised unilateral decision-making by taking the parties' child to occupational and play therapy without his knowledge or consent. Jill Hankey submitted counter-affidavits and other supporting evidence challenging Blake Hankey's allegations. The district court denied Blake Hankey's motion without an evidentiary hearing, determining he had failed to present a prima facie case justifying modification because he had "failed to show a material change of circumstances" and "failed to show that a

modification of primary residential responsibility is in the best interest of LCH."

## II

[¶ 4] On appeal, Blake Hankey argues he met his burden of establishing a prima facie case, and the district court erred in denying his motion to modify primary residential responsibility without an evidentiary hearing.

## III

[¶ 5] Whether a moving party has established a prima facie case for a modification of primary residential responsibility is a question of law, which this Court reviews under the de novo standard of review. *Jensen v. Jensen*, 2013 ND 144, ¶ 8, 835 N.W.2d 819.

[¶ 6] Two years after the date of entry of an order establishing primary residential responsibility, the court may modify primary residential responsibility if it finds: (1) a material change has occurred in the child's or parties' circumstances, and (2) modification is necessary for the child's best interests. N.D.C.C. § 14–09–06.6(6). A "material change in circumstances" has been defined as "an important new fact that was not known at the time of the prior custody decree." *Lechler v. Lechler*, 2010 ND 158, ¶ 9, 786 N.W.2d 733 (citation omitted). The party seeking to modify primary residential responsibility bears the burden of proof. N.D.C.C. § 14–09–06.6(8).

[¶ 7] "The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification." N.D.C.C. § 14–09–06.6(4). This procedure allows the court to "eliminate unsupported or frivolous cases without imposing upon the court and the parties the burden and expense of an unnecessary evidentiary hearing." *Kartes v. Kartes*, 2013 ND 106, ¶ 12, 831 N.W.2d 731. If the court determines that no material change in circumstances has occurred, it does not need to consider whether changing primary residential responsibility is necessary to serve the best interests of the child. *Lechler*, 2010 ND 158, ¶ 9, 786 N.W.2d 733.

[¶ 8] A prima facie case is a bare minimum; it "only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed." *Sweeney v. Kirby*, 2013 ND 9, ¶ 5, 826 N.W.2d 330 (citation omitted). Allegations, on their own, do not establish a prima facie case, and an affidavit is not competent if it states conclusions without evidentiary facts to support it. *Id.*

[¶ 9] When determining whether a prima facie case has been established, the district court must accept the moving party's allegations as truth, and it may not weigh conflicting allegations. *Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731. In *Jensen*, this Court reiterated the standards guiding a district court's decision of whether a moving party has established a prima facie case under N.D.C.C. § 14–09–06.6(4):

If the moving party's allegations are supported by competent, admissible evidence, the court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the

district court must accept the truth of the moving party's allegations. 2013 ND 144, ¶ 13, 835 N.W.2d 819.

[¶ 10] In *Schroeder v. Schroeder*, Lyn Karjalainen moved to modify residential responsibility, seeking primary residential responsibility of the parties' children, and her ex-husband opposed the motion. 2014 ND 106, ¶ 4, 846 N.W.2d 716. Although the district court determined a material change in circumstances had occurred since both parties had relocated, it concluded Karjalainen had failed to establish a prima facie case requiring an evidentiary hearing because there had been no showing that the children's best interests were or would be adversely affected. *Id.* at ¶ 5. On appeal, Karjalainen argued the district court erred by not granting an evidentiary hearing. *Id.* at ¶ 6. This Court noted that Karjalainen's affidavits alleged her ex-husband had expressed in correspondence to her and the children that he intended to restrict, limit, or infringe upon her parenting time, but she did not include copies of this correspondence or submit affidavits of the children to support her allegation. *Id.* at ¶ 14. Karjalainen also alleged her ex-husband denied visitation on a specific occasion because she had failed to provide two weeks of advanced notice. *Id.* This Court determined that Karjalainen's allegation that her ex-husband denied her visitation in the past was not sufficient to show that he materially intended to deny visitation and did "not rise to the level of constituting frustration of visitation making modification of primary residential responsibility necessary for the best interests of the children." *Id.* This Court determined the past frustration of visitation was alleged "without support of any evidentiary facts." *Id.*

[¶ 11] In *Anderson v. Jenkins*, 2013 ND 167, ¶ 11, 837 N.W.2d 374, Timothy Jenkins alleged there had been a material change in circumstances because Ivy Anderson had ignored court orders and willfully withheld parenting time, resulting in negative consequences to their child. However, unlike in *Schroeder*, 2014 ND 106, ¶ 14, 846 N.W.2d 716, where the frustration of visitation allegations were not supported with evidentiary facts, Jenkins alleged specific dates that his parenting time was withheld and provided copies of correspondence and medical bills and records to support his allegations. *Anderson*, at ¶¶ 13, 17.

[¶ 12] Blake Hankey alleges the material change in circumstances was Jill Hankey's interference with his parenting time, which amounted to parental alienation, and her denial of his right of first refusal for parenting time. A material change in circumstances may be present when one parent attempts to alienate a child's affection for the other parent, or when the child's parents are openly hostile towards each other and the child is negatively affected by that hostility. *Krueger v. Hau Tran*, 2012 ND 227, ¶ 14, 822 N.W.2d 44. While this Court has recognized and acknowledged the importance of the noncustodial parent's visitation privilege, it has also emphasized that "frustration of visitation does not alone constitute a sufficient change in circumstances to warrant a change in custody." *Sweeney v. Sweeney*, 2002 ND 206, ¶ 11, 654 N.W.2d 407 (citation omitted). However, "allegations of parental frustration of parenting time may be a basis to grant an evidentiary hearing." *Schroeder*, 2014 ND 106, ¶ 14, 846 N.W.2d 716; *see also Ehli v. Joyce*, 2010 ND 199, ¶ 8, 789 N.W.2d 560. Blake Hankey also alleges there has been a material change in circumstances due to Jill Hankey's unilateral decision-making regarding enrolling the child in occupational and play therapy without his knowledge or consent. Blake Hankey asserts this is

in derogation of the explicit provision of the divorce judgment requiring each parent to have "joint decision making responsibility so as to allow each parent to continue to have a full and active role in making major decisions in the child's life including but not limited to those decisions relating to medical care, religion and education." He argues Jill Hankey's counter-affidavit offered nothing to dispute his allegation. Here, the alleged material change in circumstances, namely the child's enrollment in occupational and play therapy without his knowledge, appears to relate to the needs of the child to be assessed and treated by professionals. The district court's conclusory statement that Blake Hankey failed to meet the best interest element under N.D.C.C. § 14–09–06.6(6) because he "failed to show that a modification of primary residential responsibility is in the best interest of LCH" ignores the fact that the child is being treated by professionals on a regular basis; the statement does not determine whether parenting choices, including the alienation of affection, have impacted the child's need for such treatment. The district court's conclusory finding regarding the best interest element is inadequate.

[¶ 13] In its order, the district court did not address any of the allegations set forth in Blake Hankey's affidavits; rather, the court simply made a summary determination that Blake Hankey failed to present a prima facie case justifying a modification of primary residential responsibility because he "failed to show a material change of circumstances" and "failed to show that a modification of primary residential responsibility is in the best interest of LCH." Our review of this case is significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues and its failure to expressly delineate the basis for its decision. The conclusory findings in the district court's order denying the motion do little to explain the rationale for the court's ultimate determination that Blake Hankey had failed to present a prima facie case justifying a modification of residential responsibility. The district court did not conclude that Blake Hankey's allegations were not supported by competent evidence, that Jill Hankey's counter-affidavits conclusively established Blake Hankey's allegations had no credibility, or that Blake Hankey's allegations were insufficient on their face, even if uncontradicted, to justify modification.

[¶ 14] Like in *Anderson*, Blake Hankey alleged specific dates that his parenting time was withheld, and unlike in *Schroeder*, he provided copies of correspondence between himself and Jill Hankey to support his allegations. While Jill Hankey's counter-affidavits challenge or refute many of Blake Hankey's allegations and she also provided copies of e-mail correspondence to help support her allegations, they do not conclusively establish that Blake Hankey's allegations have no credibility, but merely raise conflicting issues of fact. Although Jill Hankey's counter-affidavits attempt to contradict Blake Hankey's affidavits, the dispute of facts warrants an evidentiary hearing. Accordingly, Jill Hankey's counter-affidavits do not provide a basis for the court to conclude Blake Hankey failed to establish a prima facie case.

[¶ 15] Under the de novo standard of review, we reverse the district court order denying an evidentiary hearing and we remand, concluding Blake Hankey established a prima facie case for modification.

[¶ 16] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.