2013 ND 145

**Jessica Christina CHARVAT, Plaintiff and Appellee**

v.

**Brandon David CHARVAT, Defendant and Appellant**

and

**State of North Dakota, Statutory Real Party in Interest.**

**No. 20130042.**

Supreme Court of North Dakota.

Aug. 29, 2013.

Bobbi B. Weiler, Bismarck, N.D., for plaintiff and appellee.

Suzanne M. Schweigert (argued) and Stacy M. Moldenhauer (on brief), Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]  Brandon Charvat appeals from a district court order denying his motion to amend a divorce judgment to modify primary residential responsibility of the parties' child.  We reverse and remand for further proceedings, concluding Brandon Charvat established a prima facie case justifying modification and was entitled to an evidentiary hearing.

I

[¶ 2]  Brandon and Jessica Charvat married in 2006 and their daughter, B.C., was born in 2007.  When they divorced in 2009, Jessica Charvat was awarded primary residential responsibility for the child and Brandon Charvat received parenting time.

[¶ 3]  In 2012, Brandon Charvat moved to modify the judgment, seeking primary residential responsibility for the child.  In support of his motion, he submitted affidavits and other supporting evidence alleging that Jessica Charvat had dated eight different men during the 3½ years since the divorce, including two men who had physically abused her; that Jessica Charvat and B.C. had moved three times since the divorce; that Jessica Charvat had attempted suicide in 2009 after the divorce; that Jessica Charvat had allowed the child to play with an old cell phone that contained sexually explicit pictures of Jessica Charvat

and a former boyfriend as well as text messages suggesting illegal drug use; and that Jessica Charvat had been fired from her nursing job and reprimanded by the State Board of Nursing for an incident in which she allowed a male friend into the nurses' station at 2 a.m. Jessica Charvat presented counter-affidavits disputing Brandon Charvat's allegations and explaining some of the incidents described.

[¶ 4] The district court, while expressing concern for several of the incidents detailed in Brandon Charvat's supporting affidavits, ultimately concluded that Brandon Charvat had "failed to present a prima facie case which would justify the holding of an evidentiary hearing on his Motion to Modify Parenting Responsibilities." The court accordingly denied the motion without an evidentiary hearing, and Brandon Charvat appealed.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] Brandon Charvat argues he was entitled to an evidentiary hearing because he established a prima facie case for modification of primary residential responsibility.

[¶ 7] When a modification of primary residential responsibility is sought more than two years after entry of the prior order establishing primary residential responsibility, the motion is governed by N.D.C.C. § 14–09–06.6(6), which provides:

> The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

> a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

> b. The modification is necessary to serve the best interest of the child.

A material change in circumstances is an important new fact that was unknown at the time of the prior custody decision. *Thompson v. Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331.

[¶ 8] The party seeking modification must initially establish a prima facie case justifying a modification:

> A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

N.D.C.C. § 14–09–06.6(4).

[¶ 9] Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo. *E.g., Sweeney v. Kirby*, 2013 ND 9, ¶ 3, 826 N.W.2d 330; *Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331; *Wolt v. Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534. A prima facie case requires only enough evidence to allow the factfinder to infer the fact at issue and rule in the moving party's favor. *Kartes v. Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731; *Sweeney*, at ¶ 5. It is a

"bare minimum," and requires only facts which, if proved at an evidentiary hearing, would support a change of primary residential responsibility that could be affirmed if appealed. *Kartes*, at ¶ 9; *Sweeney*, at ¶ 5. Allegations alone, however, do not establish a prima facie case, and affidavits must include competent information, which usually requires the affiant to have first-hand knowledge. *Thompson*, at ¶ 6. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts. *Id.*

[¶ 10] In determining whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations. *Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731; *Schumacker v. Schumacker*, 2011 ND 75, ¶ 8, 796 N.W.2d 636. The party opposing the motion may attempt to rebut a prima facie case by presenting evidence conclusively demonstrating the moving party is not entitled to a modification, but when the opposing party's evidence merely creates conflicting issues of fact, the court may not weigh the conflicting allegations when deciding whether a prima facie case has been established. *Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534. Only when the opposing party presents counter-affidavits that conclusively show the allegations of the moving party have no credibility, or when the movant's allegations are, on their face, insufficient to justify custody modification, may the district court decide the moving party has not established a prima facie case and deny the motion without an evidentiary hearing. *Id.*

[¶ 11] This is another in the line of recent appeals in which district courts have engaged in weighing conflicts in the evidence presented in the competing affidavits to reach the conclusion that the moving party's evidence was insufficient to establish a prima facie case. *See Jensen v. Jensen*, 2013 ND 144, ¶ 10, 835 N.W.2d 819. We noted in *Jensen*, at ¶ 13, that these cases may be the result of a misinterpretation of our recent caselaw, and we therefore clarified the standards governing the district court's decision whether a prima facie case has been established under N.D.C.C. § 14–09–06.6(4):

> The court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations.

[¶ 12] The district court in this case clearly engaged in weighing the conflicting evidence presented by the parties to resolve conflicts and assess credibility, effectively engaging in a mini-trial by affidavit. *See Jensen*, 2013 ND 144, ¶ 12, 835 N.W.2d 819. The court repeatedly relied upon the allegations in the counter-affidavits presented by Jessica Charvat to downplay the seriousness and relevance of Brandon Charvat's allegations and to weigh and resolve conflicts in the evidence.

[¶ 13] For example, the court expressed concern that Jessica Charvat had been abused by two of her former boyfriends, but noted the abuse was not ongoing and B.C. had not been exposed to the abuse. Evidence that the custodial parent has been involved in abusive relationships, however, may be significant even if the abuse is not ongoing and the child was not present. Such evidence may demonstrate a lack of judgment in the parent who has engaged in the abusive relationships and a potential that the child will be exposed to

abusive relationships in the future. Furthermore, the district court here did not even address the allegation that Jessica Charvat and B.C. were living with a man who had a history of domestic violence, having been convicted of simple assault against his then-wife in 2005.

[¶ 14] The court also minimized the allegation that Jessica Charvat had attempted suicide. In *Schumacker*, 2011 ND 75, ¶¶ 9–12, 796 N.W.2d 636, this Court held that evidence of a suicide attempt by a custodial parent since the prior decree constituted a material change in circumstances that may justify a modification of primary residential responsibility if proved at an evidentiary hearing, and such evidence thus established a prima facie case. Brandon Charvat presented evidence that Jessica Charvat had texted him that she wanted to die and was thinking of ways to get into his apartment to get his guns. Late that night, Jessica Charvat intentionally slit her wrist while the child was home with her, resulting in a trip to the emergency room for stitches in the middle of the night. The district court concluded the suicide attempt was not a material change in circumstances, because "she sought proper medical treatment at the time and there is no allegation that she continues to be suicidal or that she has had any other self-harming incidents in the three and a half years that have passed since the October 2009 event."

[¶ 15] The district court in this case clearly engaged in weighing the conflicting evidence presented in the parties' affidavits to reach the conclusion that Brandon Charvat had failed to establish a prima facie case of a material change in circumstances. Jessica Charvat's counter-affidavits do not conclusively establish that Brandon Charvat's allegations have no credibility, but merely create conflicting issues of fact. The court was therefore required to accept the truth of Brandon Charvat's allegations and could not weigh or resolve conflicts in the evidence when deciding whether a prima facie case had been established. *Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534. The court effectively held an improper mini-trial by affidavit. *See Jensen*, 2013 ND 144, ¶¶ 12, 14, 835 N.W.2d 819.

[¶ 16] Applying our de novo standard of review, we conclude Brandon Charvat established a prima facie case for modification and was entitled to an evidentiary hearing. Brandon Charvat's supporting affidavits included evidence that Jessica Charvat had dated numerous men since the parties' divorce, including two who had physically abused her; Jessica Charvat and B.C. were living with a man with a history of domestic violence; Jessica Charvat had attempted suicide since the divorce; and Jessica Charvat had allowed the child access to an old cell phone that contained sexually explicit pictures of Jessica Charvat and a former boyfriend. This evidence presented a prima facie case of a material change in circumstances warranting an evidentiary hearing on Brandon Charvat's motion to amend the judgment to modify primary residential responsibility, and the district court erred in denying the motion without holding an evidentiary hearing.

III

[¶ 17] We conclude Brandon Charvat established a prima facie case for modification and was entitled to an evidentiary hearing, and we reverse and remand for further proceedings.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ.

MARING, Justice, concurring in the result.

[¶ 19] I, respectfully, concur in the result. I am concerned with the continual decline in the quality of evidence required to establish a prima facie case justifying modification in primary residential responsibility and an evidentiary hearing.

[¶ 20] A moving party must present a competent affidavit supported by firsthand knowledge with specific and detailed evidentiary facts establishing a significant change that adversely impacts the child's well-being to establish a prima facie case. *See generally Jensen v. Jensen*, 2013 ND 144, 835 N.W.2d 819 (Maring, J., dissenting). " '[T]he important factor in any change of custody proceeding is the stability of the child's relationship with the custodial parent,' and 'it is the continuity of the custodial parent-child relationship that is critical.' " *Kelly v. Kelly*, 2002 ND 37, ¶ 44, 640 N.W.2d 38 (Maring, J., concurring in the result) (quoting *Ramstad v. Biewer*, 1999 ND 23, ¶¶ 14–15, 589 N.W.2d 905). Allowing evidentiary hearings for modification of primary residential responsibility based on hearsay and conclusory allegations, undermines the stability and continuity of the custodial parent-child relationship.

[¶ 21] Although I agree with the majority's opinion that Brandon Charvat meets the "bare minimum" threshold in this case, I continue to disagree with the majority's interpretation of our caselaw and the applicable statute. I adhere to my opinion that "it is clear the Legislature intended to require parties to meet the higher standard showing that there has been a significant or important change of circumstances that has a negative impact on the well-being of the child." *Kelly*, 2002 ND 37, ¶ 50, 640 N.W.2d 38 (Maring, J., concurring in the result); *see Jensen*, 2013 ND 144, ¶ 25, 835 N.W.2d 819 (Maring, J., dissenting); *Mock v. Mock*, 2004 ND 14, ¶ 34, 673 N.W.2d 635 (Maring, J., dissenting); *Tank v. Tank*, 2004 ND 15, ¶ 44, 673 N.W.2d 622 (Maring, J., dissenting).

[¶ 22] MARY MUEHLEN MARING.