2013 ND 237

**MORTON COUNTY SOCIAL SERVICE BOARD** as assignee for Clara Ann Engh, Clara Ann Engh and N.E., minor child, by and through his guardian, Clara Ann Engh, Plaintiffs and Appellees

v.

Gary **HOUIM**, Defendant and Appellant.

No. 20130095.

Supreme Court of North Dakota.

Dec. 19, 2013.

Bobbi B. Weiler, Bismarck, N.D., for plaintiffs and appellees.

Stacy M. Moldenhauer, Bismarck, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1]  Gary Houim appeals from an order denying his motion to modify residential responsibility for a child he has with Clara Ann Thompson, formerly known as Clara Ann Engh. Houim's affidavit and supporting documents established a prima facie case entitling him to an evidentiary hearing on his motion.  We reverse and remand for further proceedings consistent with this opinion.

I

[¶ 2]  Houim and Thompson were never married to each other.  They have one child together, who was born in 2002.  In 2004, the district court entered a judgment consistent with the parties' stipulation, awarding Thompson primary residential responsibility of the child.  Houim was awarded parenting time every other weekend and extended time in the summer.

[¶ 3]  On December 21, 2012, Houim moved for an ex parte interim order, requesting that the court immediately award him temporary residential responsibility of the child.  He also moved to modify primary residential responsibility, parenting time and child support. Houim filed an affidavit and exhibits in support of his motions.  He alleged living conditions in Thompson's home are unsanitary and dangerous and he attached pictures he claimed showed the conditions in Thompson's house on December 16, 2012.  He also alleged the child had no clean clothes at Thompson's house, Thompson's home had been reported to social services at least sixteen times, Thompson attempted to commit suicide in December 2011 and Thompson interfered with his parenting time.  He provided copies of social services' records to support his allegations.

[¶ 4]  On December 26, 2012, the district court granted Houim's motion for an ex parte interim order.  Houim was awarded temporary primary residential responsibility and Thompson was awarded supervised parenting time.  The order required Houim to secure a date for a hearing on the order within thirty days.

[¶ 5]  On January 16, 2013, Thompson filed her response in opposition to Houim's motion to modify primary residential responsibility.  She also filed an affidavit and exhibits supporting her response.  On January 28, 2013, Houim filed a reply to

Thompson's response, including an affidavit and exhibits.

[¶ 6] A hearing on the interim order was held on February 8, 2013. The hearing was limited to one hour and the parties were limited to cross-examining each other on the affidavits filed. On February 12, 2013, the district court denied Houim's motion to modify primary residential responsibility, finding Houim failed to establish a prima facie case for a change of primary residential responsibility. The court made findings about most of Houim's allegations based on evidence presented at the hearing on the interim order. The court also found Houim's credibility was suspect.

[¶ 7] On March 1, 2013, Houim moved under N.D.R.Civ.P. 60(a) and (b) for relief from the order denying his motion to modify primary residential responsibility, arguing the district court erred in denying his motion based on evidence presented at the hearing on the interim order, the evidence did not support some of the court's findings and the court failed to address some issues he raised in his motion to modify residential responsibility. Thompson opposed Houim's motion. On March 26, 2013, the district court denied Houim's motion for relief. The court stated it believed its analysis was correct and it would not ignore the evidence presented at the interim hearing.

II

[¶ 8] Houim argues the district court erred in determining he failed to establish a prima facie case and was not entitled to an evidentiary hearing on his motion to modify primary residential responsibility. He contends the court erred in considering evidence from the interim hearing to determine he had not established a prima facie case. He claims evidence of a material change in circum-

stances existed, including the conditions in Thompson's home, Thompson's suicide attempt, Thompson's relationship with her husband, Thompson's alienation of his relationship with his child and Thompson's history with social services.

[¶ 9] Under N.D.C.C. § 14–09–06.6(6), a court may modify primary residential responsibility longer than two years after the entry of an order establishing primary residential responsibility if a material change in circumstances exists based on new facts or facts that were unknown to the court at the time of the prior order and modification is necessary to serve the child's best interests. Section 14–09–06.6(4), N.D.C.C., provides procedural rules that must be followed for a motion to modify primary residential responsibility:

> "A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established."

[¶ 10] The moving party has the burden of establishing a prima facie case justifying modification. *Anderson v. Jenkins*, 2013 ND 167, ¶ 8, 837 N.W.2d 374; N.D.C.C. § 14–09–06.6(4). "[A] prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor." *Anderson*, at ¶ 9. It is "a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a

change of [residential responsibility] that could be affirmed if appealed." *Id.* (quoting *Ehli v. Joyce*, 2010 ND 199, ¶ 7, 789 N.W.2d 560). The moving party must submit affidavits in support of the motion and the affidavits must include competent information and be based on personal knowledge. *Id.* "Evidence based on inadmissible hearsay is not competent evidence." *Rudnick v. Rode*, 2012 ND 167, ¶ 11, 820 N.W.2d 371. "[T]he district court must accept the truth of the moving party's allegations" and "may not weigh the conflicting allegations." *Anderson*, at ¶ 10 (quoting *Charvat v. Charvat*, 2013 ND 145, ¶ 10, 835 N.W.2d 846). We clarified the standards governing a district court's decision about whether a prima facie case under N.D.C.C. § 14–09–06.6(4) has been established:

> "[T]he court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations."

*Anderson*, ¶ 10 (quoting *Jensen v. Jensen*, 2013 ND 144, ¶ 13, 835 N.W.2d 819). It is not enough for the opposing party to dispute the moving party's allegations, claim they are not credible and ask the court to weigh the conflicting allegations; rather, the opposing party must show the moving party's allegations are demonstrably incorrect. *See Charvat*, at ¶¶ 14–15. "Whether a party has established a prima facie case ... is a question of law which this Court reviews de novo." *Anderson*, at ¶ 8 (quoting *Charvat*, at ¶ 9).

[¶ 11] Houim filed affidavits and exhibits to support his motion to modify primary residential responsibility and his request for an evidentiary hearing. Houim stated Thompson's home was a mess and the conditions were unsanitary and dangerous when he brought the child there after visitation. He claimed dog feces and broken glass were on the floor and prescription medication was laying all over, including pills that were not in a bottle but were laying on the floor. He attached pictures of the home, which he testified were taken on December 16, 2012. He stated Thompson told him she would have to move out of the home at the end of December and the family did not have any place to go. Houim also stated Thompson occasionally stopped him from seeing the child because the child was "grounded," which included Houim's parenting time, even when it was his weekend to have parenting time. He also stated Thompson and her husband argue and are violent and Thompson attempted to commit suicide in December 2011, and he submitted copies of social services' records to support his allegations. He also alleged it is in the child's best interest to modify custody.

[¶ 12] Thompson filed an affidavit and exhibits responding to Houim's motion, disputing some of his allegations but admitting to other allegations. She claimed Houim's pictures were not taken in December 2012, but were taken in May 2012 while she was cleaning the home. She claimed the family lives in two Federal Emergency Management Agency ("FEMA") trailers, which may be inspected under the agreement for the use of the trailers, and the family would not be allowed to remain in the trailers if they were "filthy" and "uninhabitable." She submitted pictures of the house that she claimed were taken on December 27, 2012, showing the house was clean. She claimed the family was not in danger of losing their home,

she was in the process of purchasing the two trailers and the trailers are on land she owns. Thompson admitted she argues with her husband, but claimed they saw a marriage counselor. Thompson admitted she attempted to commit suicide, but she said she was not on medication at the time of the attempt, she had a lot of stress in her life and she has since attended counseling and began taking medication.

[¶ 13] The district court held a hearing on the interim order before entering its February 12, 2013 order determining Houim failed to establish a prima facie case for modification of primary residential responsibility and denying Houim's motion. The hearing was limited to one hour and the parties were allowed to cross-examine each other on their affidavits. After the hearing, the district court denied Houim's motion to modify primary residential responsibility and his request for an evidentiary hearing, finding Houim failed to establish a prima facie case for modification. The court based its decision on evidence from the evidentiary hearing and the parties' affidavits, finding:

"Gary seeks a change in residential responsibility in large part on his observations of Clara's residence on December 16, 2012. Clara lives in two FEMA trailers connected by a walkway. In his brief in support of his Motion to Revisit Residential Responsibility, Gary described the condition of the trailer on that date. The description included dog feces on the floor and 'prescription medication everywhere.' At the interim order hearing, Clara explained that the condition of the trailer was due to the fact that she and her husband were reorganizing their belongings, with some things going in the garbage and some going the Salvation Army. She stated the trailer was in the condition described by Gary for 'only a couple days.' Gary provided no evidence to contradict Clara's testimony. Clara further testified that the dog feces were there because the dog is old and apparently incontinent. She stated the feces are cleaned up as soon as they are noticed. Clara testified that the trailer was subject to government inspections and that the inspectors had no issues with the conditions in the trailer. Gary claimed in his brief that Clara is required to be out of the trailers by the first of the year and would be homeless. That claim is not accurate, as Clara purchased the trailers and is still living there. She is planning to move a building onto the lot to live in.

"Gary also expressed concern about a suicide attempt Clara had made several years ago. He was concerned with what effect this attempt may have on [the child's] mental health, 'especially if she has not received help for her mental problems which led to her suicide attempt.' Gary did not present evidence that [the child] was aware of the suicide attempt, nor any evidence that awareness of the suicide attempt would affect [the child's] mental health. Further, Clara testified that she is on medication for her mental health issues. Gary testified at the interim order hearing that [the child] is in good physical and mental health, so it appears that his concerns are at best speculative and at worst unfounded.

"Gary cites as a change in circumstances the fact that Clara has remarried twice since 2004, but cites nothing to support a claim that this is affecting the child. Gary also alleged that Clara and her husband 'continually fight in front of the children.' At the interim order hearing, Gary testified that he has never personally seen Clara and her husband fight in front of the children. This evidence is clearly hearsay and was

not corroborated at the hearing or in any other affidavits. Clara testified that she and her husband had arguments in the past but that they are now in counseling and their relationship is much more stable now.

"Gary claimed Clara had interfered with his parenting time and his rights to reasonable telephone access to [the child]. At the interim order hearing, it appeared to the Court based on the testimony that [the child] was with Gary more than what was set out in the Judgment.

"Gary further cited sixteen reports to Social Services but neglected to mention that, of the sixteen reports, only one had resulted in a recommendation of services.

"None of the above establishes a material change in circumstances. Further, the Court finds Gary's credibility suspect due to his inaccurate statement regarding the status of Clara's trailers and his omission of the fact that the Social Services investigations resulted in no recommendations for services. Gary has failed to establish a prima facie case for a change in residential responsibility and his Motion to Modify Judgment to Revise Residential Responsibility, Parenting Time, and Child Support is DENIED."

[¶ 14] Section 14–09–06.6(4), N.D.C.C., states, "The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification." The statute requires that the court consider only the briefs and supporting affidavits and exhibits without oral argument or an evidentiary hearing to determine whether a prima facie case has been established. *Dufner v.*

*Trottier,* 2010 ND 31, ¶ 15, 778 N.W.2d 586.

[¶ 15] Here, the district court did not base its determination that Houim failed to establish a prima facie case on only the briefs, affidavits and exhibits, but considered evidence presented during the hearing on the interim order. Although the court stated it "flies in the face of common sense" to ignore the evidence presented at the interim order hearing, N.D.C.C. § 14–09–06.6(4) limits the court's consideration to only the briefs and affidavits, without oral argument or an evidentiary hearing, to determine whether the moving party established a prima facie case. The court also made credibility determinations and did not accept the truth of Houim's allegations. The court improperly engaged in a "mini-trial." *See Anderson,* 2013 ND 167, ¶¶ 12–13, 837 N.W.2d 374. We conclude the court erred as a matter of law in selecting the procedures used to determine whether Houim established a prima facie case.

[¶ 16] Houim supported his motion to modify primary residential responsibility with testimony by affidavit stating the conditions in Thompson's home were unsanitary and were a danger to the child's health, including dog feces on the floor, "stuff absolutely everywhere," broken glass on the floor by the child's bed, medication containers laying on the floor and in boxes on the floor, pills outside of the container laying on the floor, and the bathroom "looked like it has never been cleaned before." Houim's statements were based on personal knowledge and he attached pictures of conditions in the home, which supported his statements. Thompson argued Houim's pictures of the home were taken at a different time, but she did not dispute they were pictures of her home. Houim also stated Thompson attempted to commit suicide in December

2011, and Thompson admitted in her affidavit that this was correct.

[¶ 17] "A material change of circumstances can occur if a child's present environment may endanger the child's physical or emotional health or impair the child's emotional development." *Schumacker v. Schumacker*, 2011 ND 75, ¶ 14, 796 N.W.2d 636 (quoting *Lechler v. Lechler*, 2010 ND 158, ¶ 17, 786 N.W.2d 733). "[E]vidence of a suicide attempt ... constitute[s] a material change in circumstances that may justify a modification of primary residential responsibility" and "establishe[s] a prima facie case." *Charvat*, 2013 ND 145, ¶ 14, 835 N.W.2d 846; *Schumacker*, at ¶¶ 10–12.

[¶ 18] Thompson failed to show that Houim's statements are demonstrably incorrect or that Houim did not allege a material change in circumstances. The evidence in Houim's affidavit about the conditions in Thompson's home and about her suicide attempt are sufficient to meet the "bare minimum" requirement that would support modification of primary residential responsibility if proven at an evidentiary hearing. Applying our de novo standard of review and accepting the truth of Houim's evidence, we conclude Houim's motion and supporting affidavits establish a prima facie case and Houim was entitled to a full evidentiary hearing. We reverse the district court's order denying Houim's motion to modify primary residential responsibility, and we remand for an evidentiary hearing.

### III

[¶ 19] Houim established a prima facie case for modification of primary residential responsibility and was entitled to an evidentiary hearing. We reverse the district court order denying Houim's motion to modify residential responsibility and remand for further proceedings.

[¶ 20] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.