#26970-a-GAS

**2014 S.D. 77**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

HAROLD CHANT,                             Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE WALLY EKLUND
Judge

* * * *

MARTY J. JACKLEY
Attorney General

KELLY MARNETTE
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellee.


JAMY PATTERSON
Pennington County Public
  Defender's Office
Rapid City, South Dakota                  Attorneys for defendant
                                          and appellant.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 25, 2014

OPINION FILED **11/05/14**

SEVERSON, Justice

[¶1.] Harold Chant was charged with driving under the influence in Pennington County in 2012. A Part II Information alleged that Chant had two previous driving under the influence (DUI) convictions—one each in 2004 and 2006. Chant moved to strike the 2004 DUI, claiming his plea was constitutionally infirm because the circuit court failed to advise him of the waiver effect of a guilty plea, and failed to inquire into whether the plea was voluntary. The Seventh Judicial Circuit Court denied Chant's motion to strike on April 20, 2013. Following a court trial in which the parties filed a written stipulation of facts and the state presented evidence of two DUI convictions within ten years, the court entered a final judgment of conviction for third offense DUI. Chant appeals.

## Background

[¶2.] On December 15, 2012, Harold Chant was arrested and charged with DUI in Pennington County. Chant appeared with counsel for arraignment on February 26, 2013, at which time the State presented a Part II Information alleging two prior convictions in Pennington County of DUI—one in 2004 and a second in 2006. Chant pleaded not guilty to all charges stemming from the December 15th arrest and denied the allegations in the Part II Information. On April 5, 2013, Chant filed a motion to strike the Part II Information, challenging the 2004 conviction of DUI as unconstitutional.

[¶3.] At the arraignment on October 18, 2004, the circuit court informed Chant of his right against self-incrimination, to be represented by an attorney, to have a jury trial, to remain silent, to subpoena witnesses, and to confront the

State's witnesses. The circuit court explained that Chant could plead not guilty, not guilty by reason of insanity, or guilty but mentally ill. The court further informed Chant that a plea of guilty or nolo contendere would result in a waiver of all the rights that the court had just explained. Following the court's advisement regarding Chant's rights, the court asked Chant if he understood those rights. Chant answered in the affirmative. Chant's counsel noted that the State had just offered a plea agreement, and a status hearing was set for October 25, 2004, to allow time for Chant to consider the plea agreement.

[¶4.] At the plea hearing on October 25, 2004, the court again asked Chant if he understood his rights or if he would like to be re-advised of the rights that had been enumerated the week prior to the hearing. Chant replied that he understood those rights. The court asked whether Chant understood that the court was not bound by the plea agreement and could sentence Chant to the maximum sentence. Chant again stated that he understood. Thereafter, Chant pleaded guilty to the charge of driving while under the influence. The court accepted Chant's guilty plea, finding it was entered voluntarily and a factual basis existed.

[¶5.] Chant's motion to strike the Part II Information asserted there was not an effective waiver of his constitutional rights for the 2004 charge, because the court neither re-advised Chant of his constitutional rights before he pleaded guilty nor inquired into whether his plea was voluntary at the October 25, 2004 plea hearing. As a result, Chant claimed that this DUI could not be used for enhancement purposes. The Seventh Judicial Circuit Court denied Chant's motion on April 30, 2013, and filed its findings of fact and conclusions of law on June 11,

2013. The circuit court found that Chant entered into the 2004 plea knowingly and voluntarily.

[¶6.] Chant appeals raising the issue of whether the circuit court erred in finding his prior DUI plea valid for enhancement purposes. The State responds that the circuit court correctly ruled on Chant's motion. The State also asks us to reconsider the circumstances under which a defendant may collaterally attack a prior conviction, which was not decided by the circuit court.

## Analysis

*Collateral Attack on a Prior Conviction.*

[¶7.] The State contends defendants should not be able to challenge prior convictions used for enhancement purposes if they were represented by counsel when they pleaded guilty. This issue was not raised before the circuit court, but it was briefed by the State in this appeal, and Chant had an opportunity to respond to the State's arguments in his reply brief. We cautiously approach issues not raised before the trial court.

> For an appellate court to consider an issue and make a decision on an incomplete record on questions raised before it for the first time would, in many instances, result in injustice, and for that reason courts ordinarily decline to review questions raised for the first time in the appellate court. We must, however, emphasize this is merely a rule of procedure and not a matter of jurisdiction. This court has discretion to disregard this general rule of administration and rule on such constitutional issues when faced with a compelling case. Under a well recognized exception to the general rule, a court may in its discretion decide to consider a constitutional issue raised for the first time on appeal because the question is a matter of considerable importance to the public policy of the state. This is particularly true when the question raised for the first time is one of substantive law which is not affected by any factual dispute, for under such circumstances the parties may present the issue as

> thoroughly in the appellate court as it could have been presented below. *See In Interest of Baby Girl K.*, 335 N.W.2d 846 ([Wis.] 1983); *Town of South Tucson v. Bd. of Supervisors*, 84 P.2d 581 ([Ariz.] 1938); 4 C.J.S. Appeal & Error, § 4 (1980).

*Sharp v. Sharp*, 422 N.W.2d 443, 445-46 (S.D. 1988) (internal citations omitted). The record in this case is fully developed, and the facts are not in dispute. The State is asking us to reconsider whether all constitutional deficiencies allow defendants to collaterally attack a predicate conviction used for enhancement purposes. The United States Supreme Court, applying federal statutory and constitutional analysis, held that only the failure to appoint counsel allows a defendant to raise a collateral attack on a predicate conviction used for enhancement purposes. *Custis v. United States*, 511 U.S. 485, 496, 114 S. Ct. 1732, 1738, 128 L. Ed. 2d 517 (1994).

[¶8.]     When we first considered this issue, we allowed challenges because of federal due process considerations. *See State v. King*, 383 N.W.2d 854 (S.D. 1986). In *King*, the State argued that only "convictions resulting from uncounseled guilty pleas are constitutionally infirm for enhancement purposes." *Id.* at 857. "[We] rejected that argument, stating that the cited United States Supreme Court cases on point . . . did not mention limiting collateral attacks of constitutionally infirm predicate offenses to only uncounseled predicate offenses." *State v. Bilben*, 2014 S.D. 24, ¶ 25, 846 N.W.2d 336, 341-42 (Gilbertson, C.J., dissenting) (citing *King*, 383 N.W.2d at 857). However, the United States Supreme Court has since addressed our concern in *King*, holding that defendants seeking to challenge a predicate conviction used for enhancement purposes may only do so when uncounseled. *Custis*, 511 U.S. at 496, 114 S. Ct. at 1738.

[¶9.] In *Custis*, the Court declined "to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon*." *Custis*, 511 U.S. at 496, 114 S. Ct. at 1738 (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)). The Court further explained that even the denial of effective counsel did not "rise[ ] to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." *Id.* Given this guidance from the United States Supreme Court, we recognize that federal considerations do not require us to entertain collateral attacks on prior convictions used for enhancement purposes when a defendant was represented by counsel, and we must turn to state law to determine whether it justifies the additional protection we currently allow defendants.

[¶10.] Turning to a state analysis, our statutes do not contemplate collateral attacks on the validity of a predicate conviction used for enhancement purposes. Instead, it is our due process clause that is relevant to this issue. Although the punctuation differs slightly, the language in South Dakota's due process clause mirrors the federal clause. *Compare* U.S. Const. amend. V ("No person shall . . . be deprived of life, liberty, or property, without due process of law[.]"), *with* S.D. Const. art. VI, § 2 ("No person shall be deprived of life, liberty or property without due process of law.").When a party asserts that identical language should mean something different, he or she must present an "interpretive methodology that leads to principled constitutional interpretation[.]" *State v. Schwartz*, 2004 S.D. 123, ¶ 30, 689 N.W.2d 430, 437 (Zinter, J., concurring). Following our reliance on federal decisions at the time of *King*, we continued to allow greater protections under our

state constitution "without sound judicial interpretation as to why under due process concerns of the South Dakota Constitution defendants are allowed to raise these collateral attacks, when they are not given that protection under the United States Constitution." *State v. Bilben*, 2014 S.D. 24, ¶ 32, 846 N.W.2d 336, 345 (Gilbertson, C.J., dissenting).

[¶11.] Restricting collateral attacks on predicate convictions used for enhancement purposes to only those instances when a defendant was unrepresented by counsel will not deny defendants due process. Defendants are afforded due process rights at all stages of the proceedings in prior convictions. *See* S.D. Const. art. VI, § 2. If there are any defects in the process, they have the opportunity to challenge those convictions on direct appeal. SDCL 23A-32-2. When applicable, defendants may also assert habeas relief. SDCL 21-27-1.

## Conclusion

[¶12.] Neither federal nor state constitutional grounds exist for allowing a counseled defendant to collaterally attack a predicate conviction used for enhancement purposes. In accordance with federal precedent, we now hold that a defendant may only collaterally attack prior convictions used for enhancement if he or she was unrepresented by counsel when pleading guilty. Therefore, we need not consider whether Chant's plea in 2004 is valid for enhancement purposes.

[¶13.] Affirmed.

[¶14.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and WILBUR, Justices, concur.