#26905-rev & rem-SLZ

**2014 S.D. 89**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                 Plaintiff and Appellant,

    v.

BRANDON M. WOLF,                       Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE THOMAS L. TRIMBLE
Judge

* * * *

MARTY J. JACKLEY
Attorney General

KELLY MARNETTE
ELLIE J. BAILEY
Assistant Attorneys General
Pierre, South Dakota                   Attorneys for plaintiff
                                          and appellant.


ROBBIE J. ROHL of
DeMersseman, Jensen,
  Tellinghuisen & Huffman, LLP
Rapid City, South Dakota               Attorneys for defendant
                                          and appellee.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 17, 2014

OPINION FILED **12/17/14**

#26905

ZINTER, Justice

[¶1.] Brandon Wolf was arrested for driving under the influence (DUI) in 2013. Wolf had been previously convicted of DUI in 2005 and 2012. Wolf argued that the 2005 conviction was constitutionally invalid for sentence-enhancement purposes because he did not knowingly and voluntarily enter his guilty plea. The circuit court agreed, and we granted the State's petition for an intermediate appeal. We reverse.

[¶2.] Wolf was arrested for DUI on March 31, 2013, in Pennington County. The State filed a part II information charging Wolf with third offense DUI based on a 2005 DUI conviction in Cass County, North Dakota and a 2012 DUI conviction in Pennington County.

[¶3.] Wolf filed a *King* challenge to the validity of his 2005 DUI conviction for sentence-enhancement purposes. *See State v. King*, 383 N.W.2d 854 (S.D. 1986) (abrogated by *State v. Chant*, 2014 S.D. 77, ___ N.W.2d ___). Wolf argued that he had not knowingly and voluntarily entered a guilty plea on that conviction. He contended that at the time of the plea, he was not provided with adequate information concerning the nature of his plea and his constitutional and statutory rights. He also contended that he pleaded guilty without the advice of counsel.

[¶4.] The written records relating to the 2005 plea indicated that Wolf had waived his statutory and constitutional rights, including his right to counsel. There were, however, no recordings or transcripts of the 2005 proceedings. The circuit court ruled that because there was no transcript showing the colloquy between Wolf and the court, Wolf's advisement and waiver of rights records were insufficient to

establish that his plea was voluntary, that he understood the consequences of pleading guilty, and that he waived his *Boykin* rights. *See Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Although no evidentiary hearing was held on Wolf's collateral attack, the court also found that the plea was involuntary under the factual circumstances. The circuit court struck the 2005 DUI conviction from the part II information, and we granted the State's petition for an intermediate appeal.

[¶5.]     A procedural question has developed since we granted the petition for intermediate appeal. Based on our recent decision in *Chant*, 2014 S.D. 77, ___ N.W.2d ___, we must determine whether Wolf's collateral attack was procedurally barred. In *Chant* this Court held that "a defendant may only collaterally attack prior convictions used for enhancement if he or she was unrepresented by counsel when pleading guilty." *Id.* ¶ 12, ___ N.W.2d at ___. Wolf was unrepresented in the 2005 proceedings. However, the written record of those proceedings reflects that Wolf waived his right to counsel. Therefore, the question is whether *Chant's* procedural bar applies in cases where a defendant waives the right to counsel.

[¶6.]     *Chant* adopted the rule set forth in *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994). *Custis* held that there was no right to collaterally attack the validity of prior convictions used for sentence enhancement "with the sole exception of convictions obtained in violation of the right to counsel[.]" *Id.* at 487, 114 S. Ct. at 1734. In discussing the nature of the right to counsel violations that would permit a collateral attack, the Supreme Court observed: "If the accused . . . is not represented by counsel *and* has not competently and

intelligently *waived his constitutional right*, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty." *Id.* at 494, 114 S. Ct. at 1737 (emphasis added) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S. Ct. 1019, 1024, 82 L. Ed. 1461 (1938)). Thus, *Custis* contemplated that the procedural bar applied in cases where defendants waived their right to counsel.

[¶7.] The federal circuits analyzing *Custis* confirm that conclusion. *See United States v. Rubio*, 629 F.3d 490, 493-94 (5th Cir. 2010) (denying collateral attack on prior convictions because the defendant failed to meet his burden of showing an invalid waiver of counsel); *United States v. Reyes-Solano*, 543 F.3d 474, 478 (8th Cir. 2008) (holding Mississippi convictions counted as criminal history points because the defendant did not testify that he was unaware of his right to counsel or that his waiver was invalid); *United States v. Krejcarek*, 453 F.3d 1290, 1295-99 (10th Cir. 2006) (holding that the defendant failed to carry his burden of proving the invalidity of the waivers of counsel for prior Colorado convictions); *United States v. Dahler*, 171 F.3d 441, 442 (7th Cir. 1999) (holding that the defendant's prior conviction was not obtained in violation of his right to counsel because he had the opportunity for appointed counsel at public expense); *Moore v. United States*, 178 F.3d 994, 997-98 (8th Cir. 1999) (holding that a prior conviction in a Georgia state court was appropriately used to qualify the defendant as a career offender because he failed to prove he did not knowingly and voluntarily waive his right to counsel); *United States v. Allen*, 153 F.3d 1037, 1040-42 (9th Cir. 1998) (holding that the prior conviction was valid for calculation of the defendant's

criminal history because his wavier of the right to counsel was valid). Thus, the *Custis/Chant* procedural bar to collateral attacks applies not only to defendants who have counsel, but also to defendants who have validly waived their right to counsel.

[¶8.] In this case, Wolf executed a written waiver of his right to counsel in the 2005 proceedings. Although Wolf acknowledges *Custis* in his brief, he does not suggest that his waiver of counsel may have been invalid. Therefore, Wolf may not collaterally attack his 2005 conviction for sentence-enhancement purposes.* Based on *Custis* and *Chant*, we reverse and remand.

[¶9.] GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.

---

* Wolf acknowledged the *Custis* argument in his brief on appeal. However, he urges us to refrain from applying it in this case because it was not briefed or addressed at the circuit court level. However, as we noted in *Chant*, we may consider such issues in cases where the question is one "of substantive law which is not affected by any factual dispute." *Chant*, 2014 S.D. 77, ¶ 7, ___ N.W.2d at ___ (quoting *Sharp v. Sharp*, 422 N.W.2d 443, 446 (S.D. 1988)). This is such a case. First, there is no dispute that Wolf signed a written waiver of his right to court-appointed counsel in the 2005 proceedings. Second, "in a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Iowa v. Tovar*, 541 U.S. 77, 92, 124 S. Ct. 1379, 1390, 158 L. Ed. 2d 209 (2004) (citing *Watts v. State*, 257 N.W.2d 70, 71 (Iowa 1977)). And although Wolf acknowledges the *Custis* argument in his brief, he does not argue that his written waiver of counsel was invalid. Therefore, there is no factual dispute that could influence the substantive law question. Finally, this Court's adoption of *Custis* in *Chant* occurred before Wolf's conviction became final on direct appeal. Therefore, even if *Chant* is a "new rule," "'the integrity of judicial review' requires the application of the new rule to 'all similar cases pending on direct review.'" *Teague v. Lane*, 489 U.S. 288, 304, 109 S. Ct. 1060, 1072, 103 L. Ed. 2d 334 (1989) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 323, 107 S. Ct. 708, 713, 93 L. Ed. 2d 649 (1987)).